UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALAIN MONTERO LAVALETT,

Petitioner,

v. Case No.: 2:26-cv-01797-SPC-NPM

WARDEN, FLORIDA SOFT SIDE SOUTH DETENTION CENTER *et al.*,

Respondents,

_______________________________/

**OPINION AND ORDER**

Before the Court are petitioner Alain Montero Lavalett's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).

Montero Lavalett is a native of Cuba who became a lawful permanent resident on May 5, 2009. Following a conviction for attempted possession of cocaine, an immigration judge ordered him removed in absentia on August 20, 2012. Montero Lavalett was convicted of larceny in 2018, and Immigration and Customs Enforcement ("ICE") detained him from July 8, 2018, to September 5, 2018, when it released him on an order of supervision. ICE re-detained Montero Lavalett on February 28, 2026—first at Alligator Alcatraz and now at Glades County Detention Center. Montero Lavalett challenges the legality of his detention because removal is not likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government argues Montero Lavalett's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to arbitrarily detain noncitizens and avoid judicial scrutiny by limiting consecutive periods of detention to 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Montero Lavalett has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE was unable to remove him in 2018, and there is still no agreement between Cuba and the U.S. to pave the way for his repatriation. The burden thus shifts to the government, but it makes no attempt at rebuttal.

The Court finds no significant likelihood Montero Lavalett will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably

foreseeable future, ICE can detain Montero Lavalett to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Alain Montero Lavalett's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Montero Lavalett within 24 hours of this Order and provide him telephone access so he can arrange his transportation from the facility.
2. Within 48 hours of this Order, the government shall certify it has released Montero Lavalett from custody.
3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 28, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record